**Vareriy VEKSLER, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–74316.**

United States Court of Appeals, Ninth Circuit.

Submitted April 2, 2004.*

Decided April 30, 2004.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Paula N. Harris, Esq., Harris & Harris, LLP, Burbank, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Los Angeles, CA, Ronald E. Le-Fevre, Chief Legal Officer, San Francisco, CA, Christopher C. Fuller, Washington, DC, for Respondent.

Before: PREGERSON, BEEZER, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Vareriy Veksler claims that he was persecuted because of his Jewish heritage when he lived in the former Soviet Union and that he will be subject to future persecution if he is returned to Russia. He testified that due to his Jewish ancestry, he was beaten in school and mistreated during his service in the Soviet army. He also testified that his Jewish father was beaten to death by "representatives" of the military. Additionally, a letter from Veksler's aunt in Russia indicates that his Jewish friend was murdered and that he could expect the same if he were to go back.

Veksler produced little evidence in support of his claims other than his own testimony and his aunt's letter. However, neither the BIA nor the IJ ever rejected Veksler's credibility or questioned the authenticity of his aunt's letter. "In the absence of an explicit adverse credibility finding, we must assume that [Veksler's] factual contentions are true." *Kataria v. INS*, 232 F.3d 1107, 1114 (9th Cir.2000).

The BIA reasonably determined that Veksler's claim of past persecution was vague, conclusory and supported by insufficient evidence to establish refugee status. *See Del Valle v. INS*, 776 F.2d 1407, 1411 (9th Cir.1985) ("[A]sylum applicants must present specific facts through objective evidence . . . .") (internal quotes and citation omitted). However, the BIA failed to consider Veksler's separate claim that he feared future persecution on ac-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

count of his religious heritage. *See* 8 U.S.C. § 1101(a)(42)(A). (defining "refugee" as, in part, "any person ... who is unable or unwilling to return to [his or her] country because of persecution *or* a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion") (emphasis added). Because our review "is limited to the BIA's decision ... we may not rely on the IJ's opinion in deciding the merits of [this] case." *Castillo v. INS*, 951 F.2d 1117, 1120 (9th Cir.1991).

Without any finding that Veksler or the evidence he produced was not credible, the murders of his friend and father may be sufficient to support a well-founded fear of future persecution. *See Mgoian v. INS*, 184 F.3d 1029, 1036 (9th Cir.1999) ("[W]e have explicitly held that an individual applicant may be eligible for asylum, even in the absence of direct persecution against [him] personally, if [he] is able to demonstrate a well-founded fear of persecution based on acts of violence against [his] friends or family members."); *see also Acewicz v. INS*, 984 F.2d 1056, 1061 (9th Cir.1993) ("The subjective component may be satisfied by an applicant's credible testimony that he genuinely fears persecution."); *Aguilera–Cota v. INS*, 914 F.2d 1375, 1379 (9th Cir.1990) ("Documentary evidence establishing past persecution or threat of future persecution is usually sufficient to satisfy the objective component of the well-founded fear standard.").

Because the BIA failed to consider Veksler's claim concerning future persecution, we GRANT his petition for review and REMAND to the BIA for further proceedings consistent with this opinion.

**PETITION GRANTED.**